IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GRACE ROBERTS, On Behalf of Herself and All Others Similarly Situated; Plaintiff(s), <br><br> vs. <br><br> A.H.D. HOUSTON, INC. d/b/a CENTERFOLDS HOUSTON, ALI DAVARI, HASSAN DAVARI, THOMAS VENZA, CHRISTOPHER MALUSA, and KURT HOUSTON, Defendants. | § § § § § § § § § § § § § CIVIL ACTION NO. 4:21-cv-2101 |

## PLAINTIFF GRACE ROBERT'S ORIGINAL COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

### I. SUMMARY

1. A.H.D. Houston, Inc. d/b/a Centerfolds Houston ("Centerfolds"), Ali Davari, Hassan Davari, Thomas Venza, Christopher Malusa, and Houston Kurt (hereinafter "Defendants"), required Grace Roberts (hereinafter "Plaintiff") to work as an exotic dancer at their adult entertainment club, but refused to compensate them at the applicable minimum wage.

2. Specifically, Defendants misclassified dancers, including Plaintiff, as independent contractors. Plaintiff's only compensation was in the form of tips from club patrons; the club paid no wages. In fact, Defendants required Plaintiff to pay a "house fee" in order to work in the club. Essentially, Defendants took money from Plaintiff under the premise that she must pay to use the club's space to make money. Plaintiff was also required to share her tips with Defendants and employees who do not customarily receive tips outside of a valid tip pool.

1

3. As a result, Defendants failed to pay Plaintiff and all other members of the class collective minimum wage, which they were entitled to under the Fair Labor Standards Act ("FLSA").

4. Plaintiff brings this collective action against Defendants seeking damages, backpay, restitution, liquidated damages, prejudgment interest, reasonable attorney's fees and costs, and all other relief that the Court deems just, reasonable, and equitable in the circumstances.

## II.   SUBJECT MATTER JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

6. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendants operate an adult entertainment club that is located in this District. Plaintiffs worked at Defendants' club, located in Houston, over extended periods of time.

## III.   PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Grace Roberts is an individual residing in Harris County, Texas. She worked for Defendants in Houston, Texas on a consistent basis for many years, starting in 2013 and working through February 2020. She lived in Houston, Texas and was Defendants' employee. Her consent is attached hereto as Exhibit "A."

8. Opt-in Plaintiffs are current or former exotic dancers who have worked at Defendants' adult entertainment club within the applicable limitations period and will file a valid consent to join this suit with the Court.

9. A.H.D. Houston, Inc. is a Texas for-profit corporation doing business as Centerfolds Houston in Houston, Texas at 6166 Richmond Avenue, Houston, Texas 77057. A.H.D.

Houston, Inc. may be served via its registered agent, Albert T. Van Huff, at 1225 North Loop West, Suite 640, Houston, Texas 77008.

10. Ali Davari is the President of A.H.D. Houston, Inc. He may be served with process at 12 West Rivercrest Drive, Houston, Texas 77042, or wherever he may be found.

11. Hassan Davari is the Vice President of A.H.D. Houston, Inc. He may be served with process at 21 East Rivercrest Drive, Houston, Texas 77042, or wherever he may be found.

12. Thomas Venza is the general manager of Centerfolds. He may be served with process at 6166 Richmond Avenue, Houston, TX 77057, or wherever he may be found.

13. Christopher Malusa was a manager of Centerfolds during the statutory time period. He may be served with process at 14639 Mills Park Ln., Cypress, TX 77429-1590, or wherever he may be found.

14. Houston Kurt was the general manager of Centerfolds during the statutory time period. He may be served with process at 2618 Winrock Blvd., Houston, TX 77057, or wherever he may be found.

15. This Court has personal jurisdiction over A.H.D. Houston, Inc. because it is a Texas corporation with its principal place of business in Texas and is therefore considered a resident of Texas.

16. This Court has personal jurisdiction over Ali Davari because he is an individual residing in Texas.

17. This Court has personal jurisdiction over Hassan Davari because he is an individual residing in Texas.

18. This Court has personal jurisdiction over Timothy Venza because he is an individual residing in Texas.

19. This Court has personal jurisdiction over Christopher Malusa because he is an individual residing in Texas.

20. This Court has personal jurisdiction over Kurt Houston because he is an individual residing in Texas.

### IV. COVERAGE

21. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

22. The Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

23. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

24. Furthermore, upon information and belief, Defendants have had, and continue to have, an annual gross business volume in excess of $500,000.

25. Defendant Ali Davari is the owner and manager of Centerfolds Houston. Defendant serves as president of Centerfolds Houston.

26. Defendant Hassan Davari is the owner and manager of Centerfolds Houston. Defendant serves as vice president of Centerfolds Houston.

27. Defendant Timothy Venze is the manager of Centerfolds Houston.

28. Defendant Christopher Malusa was the manager of Centerfolds Houston during the statutory time period.

29. Defendant Kurt Houston was the general manger of Centerfolds Houston during the statutory time period.

30. At all material times, Plaintiff and FLSA Class Members were individual employees as defined by 29 U.S.C. § 206-207.

31. Individual Defendants Ali Davari, Hassan Davari, and Timothy Venza are employers under the FLSA because they 1) have the power to hire and fire the dancers and other employees, 2) supervise and control employee work schedules or conditions of employment, 3) determine the rate and method of payment, and 4) are responsible for maintaining employment records.

32. Individual Defendants Christopher Malusa and Kurt Houston were employers under the FLSA during the statutory time period because they 1) had the power to hire and fire the dancers and other employees, 2) supervised and controlled employee work schedules or conditions of employment, 3) determined the rate and method of payment, and 4) were responsible for maintaining employment records.

33. As such, pursuant to 29 U.S.C. § 203(d), Defendants Ali Davari, Hassan Davari, Timothy Venza, Christopher Malusa, and Kurt Houston acted directly or indirectly in the interest of Plaintiff's and Class Members' employment as their employer, which makes them individually liable under the FLSA.

## V.     FACTS

34. Defendants operate an adult entertainment club in Houston, Texas under the name of "Centerfolds Houston" ("Centerfolds").

35. Defendants employ exotic dancers and have employed hundreds of dancers over the years at Centerfolds.

36. Plaintiff was previously employed as an exotic dancer at Defendants' adult entertainment club during the statutory time period.

37. Plaintiff worked on a regular basis for Defendants' establishment located in Houston, Texas.

38. Plaintiff worked at Centerfolds from at least August 2017 until February 2020.

39. Plaintiff typically worked four shifts per week and worked eight hours per shift during her employment.

40. Plaintiff never received any wages during her employment with Centerfolds.

41. During at least one workweek between August 2017 and February 2020, Defendants did not pay Plaintiff the federally mandated minimum wage. As an illustrative example, starting in the first week of August 2017 and continuing until the end of her employment with Centerfolds, Plaintiff was not paid a minimum wage.

42. Similarly, Opt-In Plaintiffs did not work a single hour at the club where they were paid the federally mandated minimum wage of $7.25 an hour.

43. Plaintiff and FLSA Class Members were classified by Defendants as independent contractors in order to skirt their obligation to pay the applicable minimum wage.

44. Plaintiff and FLSA Class Members were compensated exclusively through tips from Defendants' customers. That is, Defendants did not pay them whatsoever for any hours worked at its establishment.

45. Furthermore, Defendants charged Plaintiff and FLSA Class Members a "house fee" per shift worked. In other words, they had to pay to work at the club and sometimes completed a full shift only to owe the club money. This happened to Plaintiff at least once during her employment and actually happened regularly until the end of her employment.

46. Defendants also required Plaintiff and FLSA Class Members to share their tips with other non-service employees who do not customarily receive tips, such as the DJ, house mom, front door girl, and managers.

47. Plaintiff and FLSA Class Members received tips and/or dance fees from Defendants' customers but no other form of payment from their employer.

48. The money received by the club after a shift of dance performances was not included in Defendants' gross sales receipts and was not disbursed in any way as wages to any workers.

49. Defendants illegally classified the dancers as independent contractors. However, at all times, Plaintiff and FLSA Class Members were employees of Defendants under Federal law. At all times, Defendants required Plaintiff and other exotic dancers to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendants.

50. Defendants hired/fired, issued pay, supervised, directed, disciplined, and performed all other duties generally associated with that of an employer with regard to the dancers.

51. The following non-exhaustive list of policies and procedures in effect during the relevant statutory period demonstrates the dancers' status as employees and/or supports their claims:

    a. Defendants make dancers pay a house fee to work at the premises, and the fee increases with the time of the night;

    b. Plaintiff paid at least $28 to dance on stage at the club every shift.

    c. Defendants unilaterally make the decision not to pay any wages to dancers;

    d. Defendants provide the dancers with music, multiple stages, poles, and

lavish VIP and champagne rooms; the dancer only provides her own body;

e. Defendants require that dancers pay a tip out at the end of each shift to the following club employees: DJ, $10; house mom, $15; and mangers, $30; otherwise the dancers are mistreated, suspended, or fired by Defendants;

f. Dancers are required to clock in and out of the club using a paper sign-in sheet;

g. Defendants require dancers to dance on stage each shift or else pay a "skip fee" of $20;

h. Defendants unilaterally set the price for the floor dances;

i. Defendants unilaterally mandate dancers pay a tip out of $5 every time a customer pays for a dance by credit card;

j. Defendants apply fines/fees to the dancers if they fail to follow Defendants' guidelines or directions;

k. Defendants maintain the premises – including the stage, and a state-of-the-art audio set up;

l. Defendants hire all employees of the club – the dancers, DJ's, bouncers, managers, and employ dozens of dancers at one time; and

m. Defendants employ many dancers, including the named Plaintiff, for several months at least.

52. Defendants misclassified Plaintiff and FLSA Class Members as independent contractors to avoid Defendants' obligation to pay them pursuant to the FLSA.

53. Plaintiff and FLSA Class Members constituted the workforce without which Defendants could not perform their services.

54. Plaintiff and FLSA Class Members are not exempt from the minimum wage and overtime requirements under the FLSA.

55. Defendants' method of paying Plaintiff and Class Members in violation of the FLSA is willful and is not based on a good faith and reasonable belief that its conduct complied with the FLSA.

56. Defendants misclassified Plaintiff and FLSA Class Members with the sole intent to avoid paying them in accordance with the FLSA. There are multiple federal court opinions finding that this method of compensation is in violation of the FLSA and, therefore, Defendants' conduct is willful.

57. Defendants have been in the exotic dancing industry for years and are familiar with the long line of federal cases holding that entertainers in this industry are employees as that term is defined by the FLSA.

## VI. CAUSES OF ACTION

**COUNT I: FAILURE TO PAY FEDERAL MINIMUM WAGE (COLLECTIVE ACTION)**

58. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

59. Defendants' willful practice of failing to pay Plaintiff and FLSA Class Members at the required minimum wage rate violates the FLSA and was not based in good faith. 29 U.S.C. § 206.

60. The FLSA required that Defendants allow Plaintiff and other similarly situated exotic dancers to keep all tips and gratuities received from customers. As set forth above, Defendants failed to pay Plaintiff and other similarly situated exotic dancers at hourly rates in compliance with the FLSA Federal Minimum Wage requirements. Without legal excuse or

justification, Defendants kept and/or assigned to management tips and gratuities received by Plaintiff and other exotic dancers and belonging to Plaintiff and other exotic dancers.

61. As also alleged above, Defendants' practice of collecting house fees from the dancers also violates the law.

62. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or the Plaintiff.

### COUNT II: UNLAWFUL TIP SHARING (COLLECTIVE ACTION)

63. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

64. As set forth above, Defendants' failure to allow their exotic dancers to retain all their tips by requiring them to "tip out" employees who do not customarily and regularly receive tips violates the Fair Labor Standards Act, 29 U.S.C. § 203(m). Plaintiff brings this claim on behalf of herself and all others similarly situated pursuant to 29 U.S.C. § 216(b).

### VII. COLLECTIVE ALLEGATIONS

65. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic dancers at any time during the three years prior to the commencement of this action to present.

66. Plaintiff has actual knowledge that FLSA Class Members have also been denied pay at the federally mandated minimum wage rate. That is, Plaintiff worked with other dancers who worked at Centerfolds. As such, Plaintiff has first-hand personal knowledge of the same pay violations at Centerfolds for other dancers. Furthermore, other exotic dancers at Defendants' establishment have shared with Plaintiff similar pay violation experiences, including wage and tip confiscations, as those described in this complaint.

67. Other employees similarly situated to Plaintiff work or have worked for Defendants' gentlemen's club business but were not paid overtime at the rate of one and one-half times their regular rate when those hours exceeded 40 hours per workweek. Furthermore, these same employees were denied pay at the federally mandated minimum wage rate.

68. FLSA Class Members perform or have performed the same or similar work as Plaintiff.

69. FLSA Class Members are not exempt from receiving pay at the federally mandated minimum wage rate under the FLSA.

70. As such, FLSA Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of minimum wage.

71. Defendants' failure to pay for hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Class Members.

72. The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the FLSA Class Members.

73. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

74. All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

75. Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Class

Members.

76. As such, Plaintiff brings her FLSA minimum wage claims as a collective action on behalf of the following class:

> **The FLSA Class Members are all of Defendants' current and former exotic dancers who worked for Defendants at any time starting three years before this lawsuit was filed up to the present.**

## VIII. DAMAGES SOUGHT

77. Plaintiff and FLSA Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the mandated minimum wage rate under federal law.

78. Plaintiff and FLSA Class Members are entitled to recover compensation for the hours they worked over forty in a workweek for which they were not paid at the mandated overtime wage rate under federal law.

79. Plaintiff and FLSA Class Members are also entitled to recover all of the money Defendants misappropriated, such as house fees, forced tips, and wages taken after their performances.

80. Plaintiff and FLSA Class Members are also entitled to an award of statutory liquidated damages in amounts prescribed by the FLSA.

81. Plaintiff and FLSA Class Members are also entitled to prejudgment and post-judgment interest on unpaid back wages pursuant to the FLSA.

82. Plaintiff and FLSA Class Members are also entitled to an award of attorneys' fees and costs under the FLSA.

## IX. JURY DEMAND

83. Pursuant to their rights under the Constitution of the United States, U.S. CONST.

amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

For these reasons, Plaintiff and FLSA Class Members respectfully request that judgment be entered in their favor awarding the damages requested above. Plaintiff also requests for such other and further relief to which Plaintiff and FLSA Class Members may be entitled, at law or in equity.

Respectfully submitted,

HODGES & FOTY, L.L.P.

By: /s/ *David W. Hodges*
David W. Hodges
Texas State Bar No. 00796765
SDTX Federal ID No. 20460
dhodges@hftrialfirm.com
Michael Goldsmith
Texas State Bar No. 24120856
SDTX Federal ID No. 3654827
mgoldsmith@hftrialfirm.com
4409 Montrose Blvd., Suite 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS